IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOYD REX CONNER, | § | |
| | § | |
| Appellant, | § | |
| | § | Civil Action No. 3:07-CV-294-M |
| v. | § | |
| | § | |
| FIRST NATIONAL BANK-HASKELL, | § | |
| | § | |
| Appellee. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is an appeal from a final Order entered on December 22, 2006, by United States Bankruptcy Judge Stacey Jernigan. Having considered the parties' briefs, oral argument, and the applicable law, the Court is of the opinion that the Bankruptcy Court's Order should be AFFIRMED.

## BACKGROUND

The Debtor and Appellant Loyd Rex Conner ("Conner"), a farmer, filed for relief under Chapter 11 of the United States Code on July 31, 2003. When Chapter 12 was re-enacted, the case was converted from Chapter 11 to Chapter 12. A Chapter 12 Plan was filed on December 5, 2003, and confirmed on October 5, 2004. The Plan called for three payments by Conner to the Chapter 12 Trustee, Walter O'Cheskey ("the Trustee"). The final payment was received by the Trustee on October 30, 2006.

Appellant owned an 11.2 acre tract of land referred to as the "sale barn," which was originally scheduled as an asset and valued at approximately $40,900. Appellee First National Bank-Haskell (the "Bank") held the second lien on the sale barn. Under the Plan, Appellee's lien was stripped away, so that instead of retaining rights to the sale barn, Appellee was to be paid

from the three initial payments under the Plan, followed by seventeen annual payments to be made after Conner was discharged.

At the time of the Plan's filing and confirmation, Riddle Cattle Company ("Riddle") held a judgment lien against Conner. Riddle had agreed to reduce its judgment, which allowed Conner convert to Chapter 12. Riddle did not file a proof of claim in the bankruptcy proceedings and was not entitled to a distribution under the Plan. Instead, Riddle and Conner agreed that the reduced Riddle claim would not be discharged and would survive Conner's bankruptcy.

On September 18, 2006, Conner was awarded $175,000 for the condemnation by the State of Texas, for highway expansion, of approximately six acres of the sale barn. The sale barn contained buildings and pens with pole fencing, gates, and chutes, cattle handling and loading facilities, and buildings to store equipment, hay, and other feed. Conner officed at the sale barn. Conner rejected the $175,000 award and appealed it to the state district court in Baylor County, Texas. He contends the award should have been two million dollars. Had Conner accepted the $175,000 award, it would have become final and payable on October 9, 2006.

On October 6, 2006, in light of the condemnation award, the Appellee filed a motion to modify the Plan under 11 U.S.C. § 1229. Appellee argued that the Plan should be modified so that any portion of the condemnation proceeds remaining after payment of taxes, and payments in full to the the sale barn's first lien-holder, would be distributed to the unsecured creditors. Appellee argued that the condemnation proceeds represented a windfall to Conner, and that the Plan should be modified due to "unforeseen circumstances." As the result of a 45 day extension,[1] the last payment made by Conner under the Plan was received by the Trustee on October 30, 2006.

---

[1] Under the terms of the Plan, the Trustee was given the discretionary power to extend the due date of the last payment by up to 45 days, which he did.

A hearing was held on the motion to modify on December 20, 2006, and the Bankruptcy Court granted the motion on December 22, 2006. Although Appellee held a secured interest in the sale barn, the Bankruptcy Court found the Bank to be an unsecured creditor, with standing under 11 U.S.C. § 1229, and concluded that the condemnation award was an "unanticipated change of circumstances" that justified a modification of the Plan.

## STANDARD OF REVIEW

Federal Rule of Bankruptcy Procedure 8013 provides that upon appeal, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous." "A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Biesel v. Billings*, No. 3:01-CV-2284-D, 2002 U.S. Dist. LEXIS 7357, at *21 (N.D. Tex. Apr. 24, 2002) (quoting *Johnson Southwest v. Harbert Energy Corp. (In re Johnson Southwest)*, 205 B.R. 823, 827 (N.D. Tex. 1997)).

This Court will respect the Bankruptcy Court's "unique perspective to evaluate the witnesses and to consider the entire context of the evidence." *Reich v. Lancaster,* 55 F.3d 1034, 1045 (5th Cir. 1995) (quoting *Endrex Exploration Co. v. Pampell*, 97 Bankr. 316, 323 (N.D. Tex. 1989)). All legal conclusions of the Bankruptcy Court will be reviewed *de novo*. *Century Indem. Co. v. NGC Settlement Trust*, 208 F.3d 498, 504 (5th Cir. 2000).

## ANALYSIS

Conner attacks various aspects of the Bankruptcy Court's Order modifying the Plan. Specifically, he argues (1) the Appellee presented insufficient proof that the condemnation award

constituted disposable income of the Debtor; (2) modification of the Plan violates 11 U.S.C. § 1229(c) because it extends the payment schedule; (3) the principle of *res judicata* bars modification of the Plan; (4) modification occurred later than was legally allowable because the final payment was originally due before the motion to modify was filed; (5) the modification did not deal with the treatment of claims under the Plan, but instead was a wholesale change to the Plan; and, (6) the Appellee lacked standing to modify the Plan because, contrary to the Bankruptcy Court's finding, Appellee was a secured creditor and therefore had no standing to propose a modification.

At the oral argument, this Court rejected the sixth issue, assuming without deciding that it was preserved for appeal in the statement of issues. Conner argued that Appellee lacked standing to propose a modification because it also held a secured claim. This Court concluded that "the Bank has standing as an unsecured creditor to the extent it has a deficiency and that there are many references in the documents, including some to which [Appellant] was a party, referring to the Bank as the holder of an unsecured claim."

Federal Rule of Bankruptcy Procedure 8006 restricts this Court from considering issues not included in Appellant's statement of issues on appeal. "[E]ven if an issue is argued in the bankruptcy court and ruled on by that court, it is not preserved for appeal under Bankruptcy Rule 8006 unless the appellant includes the issue in its statement of issues on appeal." *Zimmerman v. Jenkins (In re GGM, P.C.)*, 165 F.3d 1026, 1032 (5th Cir. 1999). Appellee argues that the second and fourth issues referenced in his brief were not included in Appellant's statement of issues on appeal, which states: "[T]he findings of the Bankruptcy Court on fact issues are not supported in the record, [and] the Conclusion of Law that a change had occurred are [sic] unwarranted and unsupportable." This Court is of the opinion that the second and fourth issues

were not preserved for appeal and thus do not provide a basis for reversal. The Court will address the remaining three issues.

*Issue One*

First, Conner argues that the Appellee did not satisfy the requirements for securing a modification. Permissible types of modification of plans after confirmation are enumerated in 11 U.S.C. § 1229(a) and include changes to the amount of payments to a particular class in the plan and changes to the timing of payments.

Appellee argues that the modification it sought satisfied both bases for modification. Appellee sought a change in the amount of payments, increasing the total to allow for the surplus proceeds of the condemnation award to be distributed to unsecured creditors. The request also reflected a change in the timing of payments so as to accommodate finalization of the condemnation award after Conner's appeal. Without such an extension, the award might not be eligible for distribution to creditors. Assets received after three years of the first payment under a plan cannot be distributed to creditors under a modified plan without the Bankruptcy Court's approval.[2] Appellee argues that absent Conner's appeal, the condemnation proceeds would have been disbursed to Conner already, and thus are eligible for distribution to creditors.[3]

Conner argues that there is an additional requirement under 11 U.S.C. § 1229(b): the assets which are the subject of a proposed modification must constitute "disposable income"

---

[2] 11 U.S.C. § 1229(c) provides that "A plan modified under this section may not provide for payments over a period that expires after three years after the time that the first payment under the original confirmed plan was due, unless the court, for cause, approves a longer period, but the court may not approve a period that expires after five years after such time."

[3] The Court does not reach the issue of what would occur if Conner does not receive the condemnation award until five years have passed. Under such circumstances, the matter must be raised in the Bankruptcy Court.

under 11 U.S.C. § 1225(b). Conner argues that the subject assets are not Conner's disposable income, but rather are necessary to continuing farming operations.

Section 1225(b) is not referenced in § 1229(b). Section 1225(b) provides:

> If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan . . . the plan provides that all of the debtor's projected disposable income to be received in the three-year period, or such longer period as the court may approve . . . will be applied to make payments under the plan.

Section 1225(b) thus allows an unsecured creditor to object to a plan that does not apply all of a debtor's disposable income to payments under the plan. Upon such objection, the Court must reject the plan. Although § 1225(b) is not referenced in § 1229(b), Appellant argues that an unsecured creditor may not seek a modification unless that creditor proves that the additional amount sought is the debtor's disposable income. The Court rejects that conclusion, which is not supported by Section 1229(b). However, even if § 1225(b) were applicable to modifications, it does not prevent the Court from dealing with property other than disposable income.

In the further alternative, if the amounts at issue must constitute disposable income to support a modification, the Bankruptcy Court implicitly found that the surplus condemnation award constituted disposable income. The Bankruptcy Court was presented with testimony and other evidence of Conner's income and expenses, and was in the best position to determine the credibility of the evidence. The Bankruptcy Court's determination that the condemnation award was eligible for distribution, and the implicit conclusion, if necessary, that such constituted disposable income, was not clearly erroneous.

Conner acknowledges that his intention is to use the condemnation award to pay Riddle, who holds an undischarged judgment lien. Conner notes that although Riddle's status was disclosed to all creditors prior to confirmation, no creditor objected. Conner argues that since

Riddle's claim against Conner was not discharged, use of proceeds to pay Riddle makes Conner's future viability more likely. The Bankruptcy Court's implicit finding that Conner failed to prove that the surplus condemnation proceeds were necessary to continuing his farming operations, and did not constitute disposable income, was not clearly erroneous. Accordingly, this basis for Conner's appeal is rejected.

*Issue Two*

Conner claims that a modification to the Plan could not be approved without proof of a "substantial unanticipated change." In response, Appellee cites *Truman v. Meza (In re Meza)*, 467 F.3d 874 (5th Cir. 2006), which arose from a Chapter 13 proceeding, and concluded that a "substantial unanticipated change" was not required to support modification.

Conner argues that *Meza* does not apply to this Chapter 12 proceeding, because Chapter 12 reflects a Congressional intent to preserve and protect the family farmer. Although that is the purpose of Chapter 12, *Meza* is not inapplicable to a Chapter 12 proceeding and is compelling here. As the Fifth Circuit expressed it, "[c]ertainly, Congress did not intend for debtors who experienced substantially improved financial conditions after confirmation to avoid paying more to their creditors." *In re Meza,* 467 F.3d at 880 (quoting *In re Arnold*, 869 F.2d 240, 242 (4th Cir. 1989)).

Conner argues that the $175,000 condemnation award was contemplated by the Plan. The Bankruptcy Court rejected Conner's argument, attributing the condemnation award to a "dramatic increase in value" of the sale barn. That factual conclusion is not clearly erroneous, and thus was a sufficient cause for modification to the Plan under 11 U.S.C. § 1229. Because a "substantial unanticipated change" is not required, receipt of the condemnation award, which

was more than four times the value Conner put on the sale barn in his schedules, was sufficient cause for a modification of the Plan. Thus, this basis for appeal is rejected.

*Issue Three*

Conner argues that a modification of the Plan is barred by the doctrine of *res judicata*.[4] He argues that the Bankruptcy Court was bound by its earlier determination of the value of the sale barn at confirmation. The Court concludes *res judicata* is not applicable.

First, Appellees are not seeking to reevaluate the sale barn as of confirmation, as was the case in *In re Pearson*, 96 B.R. 990 (Bankr. D.S.D. 1989). In *Pearson*, a modification was requested on the basis that certain real estate should have been valued at approximately ten times more than it was at the time of confirmation. Because the motion to modify alleged not a post-confirmation change of circumstances, but rather an inaccuracy in the valuation at confirmation, the court denied the modification.

Here, Appellees claimed a change of circumstances post-confirmation and sought to include an unanticipated influx of cash received by Conner in the distributions to unsecured creditors. They seek to extend the Plan only for the purposes of capturing the award when it is finalized, to prevent Conner from delaying the appeals process in order to receive the award. Litigation of these facts was not barred by *res judicata.*

Second, 11 U.S.C. § 1229 explicitly provides for modifications to Chapter 12 plans. "The common-law principle of *res judicata* . . . does not apply when a statutory purpose to the contrary is evident." *In re Witkowski*, 16 F.3d 739, 744 (7th Cir. 1994) (quoting *Astoria Federal Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)). Applying *res judicata* to modifications

---

[4] A strong argument can be made that this issue is not fairly included in the statement of issues on appeal, but the Court will assume otherwise and reach the merits.

would render § 1229 meaningless in cases such as this. Because the Court is persuaded that *res judicata* does not require that result, this basis for appeal is also rejected.

*Issue Five*

Conner argues, without citing authority, that the modification is inappropriate because it is a wholesale change to the Plan. The statute authorizes modifications to increase the payments on claims of a particular class, which is what occurred here as to unsecured creditors. 11 U.S.C. § 1229(a)(1).

Conner argues that the effect of this modification is to force the disposition of the sale barn and the immediate payment of its value, instead of payments to unsecured creditors over seventeen years as provided by the Plan. However, it was the actions of the State of Texas in condemning the property that effectively forced its sale, not the actions of the Bankruptcy Court, and that is what the Bankruptcy Court considered in allowing unsecured creditors to receive the benefit of that windfall to Conner. The modification was pursued in accordance with the precise language of the statute. Thus, this basis for appeal is also rejected.

## CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the Order of the Bankruptcy Court of December 22, 2006, modifying the Debtor's Plan.

**SO ORDERED.**

**DATED**: July 11, 2008.

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**